# COMMONWEALTH OF VIRGINIA
## Circuit Court for Loudoun County

| | |
|---|---|
| CARLOS GRANADOS, | ) |
| Plaintiff | ) |
| v. | ) Case No. 93877 |
| BANK OF AMERICA, N.A. | ) |
| 100 North Tryon Street | ) |
| Charlotte, NC 28255 | ) |
|    SERVICE: The Corporation | ) |
|      Trust Incorporated | ) |
|      351 West Camden St. | ) |
|      Baltimore, MD 21201 | ) |
| SHELLPOINT MORTGAGE SERVICING | ) |
| NEW PENN FINANCIAL, LLC | ) |
| STE 200 | ) |
| 4000 CHEMICAL RD. | ) |
| Plymouth Meeting, PA 19462 | ) |
|    SERVICE: SHELLPOINT | ) |
|      MORTGAGE SERICING | ) |
|      STE. 200 | ) |
|      400 Chemical Rd. | ) |
|      Plymouth Meeting, MD 19462 | ) |
| and Does 1 to 100, inclusive | ) |
| Defendants. | ) |

FILED 2015 MAY -8 PM 3:51

EXHIBIT 1 — Granados vs Shellpoint

## COMPLAINT

Plaintiffs named herein, pursuant to Va. Sup. Ct. R. 3:2 and Va. Code Ann. § 8.01-15.1A, submits this Complaint against Defendant named, as follows:

## PARTIES

1. Plaintiff are residents and citizens of Loudoun, Virginia residing at 22837 ZION CHAPEL DR ASHBURN VA 20148. The real property and the contract the subject of this action is sited in and all acts occurred the same city and state.

2. Defendant SHELLPOINT MORTGAGE [hereafter "SEL"] is sited in, domiciled and does business in the Commonwealth of Virginia at all times.

3. Defendant Bank of America NA [hereafter "BOA"] investor of this loan is sited in, domiciled and does business in the Commonwealth of Virginia at all times.

4. Defendant Does 1-20 are unnamed potential parties who may be joined and sued upon discovery of their true names and capacities. Plaintiff reserves the right to amend her complaint to reflect the true names and capacities when same are ascertained.

5. Any reference herein to Does is to an unidentified persons or entity yet to be named by amendment or similar means under Va. Codes.

## VENUE AND JURISDICTION

6. This Court has jurisdiction over all parties because they are Virginia citizens, have minimum contacts with or do business within this court's jurisdiction.

7. Venue is appropriately within in the Circuit Court of Fairfax County pursuant to Va. Code Ann. § 8.01-262, because the real property is located therein and the events, torts and contractual breaches giving rise to plaintiff's claims against all defendants occurred in the City of Fairfax, Va.

## FACTUAL ALLEGATIONS

8. Plaintiffs are is by grant deed the property owner of real property located as pled above, by reason of a grant deed dated 31ˢᵗ day of May 2007.

Granados vs Shellpoint

9. Plaintiff allege that she obtained a loan from Bank of America [or] BOA, [its successor in interest] on 31st day of May 2007. The Note was in the sum of $ 685.000.00 Plaintiff's monthly payments commenced at the sum of $ 3,929.92. He is not behind on any term of condition of the note payments or otherwise. Plaintiff believes that his Note may not be enforceable by BOA based on conflicting representations negligence predatory lending practices he has been receiving commencing in or about November, 2011. Plaintiff also alleges that if Selene Financial the holder in course does own the rights under the note, SEL has not properly accounted for the funds received and that he has been overcharged for amounts that are unenforceable as excessive, overstated, mis-accounted for and that SEL may intend on using these discrepancies to commence a foreclosure upon him illegally. As a result of the irregularities in his financial statements and from statements made to him by bank agents and employees, Plaintiffs allege that some or all of the terms of the Note that may be due is in some manner unenforceable because SEL and BOA has overcharged the account and has done so in the past. Such sums as penalties and interest due would not be enforceable under the terms of the Note to which he agreed.

10. Plaintiffs seek the judicial determination of the true and correct monies owed, paid and yet possibly due by declaration and judgment so as to quiet the issue once and for all time. The balance of this action seeks remedies allowed under the law in damages and equitable relief as pled.

### FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF [1]

11. Plaintiffs re-alleges and incorporates the allegations contained in the preceding paragraphs, as though set forth at length herein.

12. Plaintiffs alleges that a real *case and controversy* has arisen between plaintiff and all defendants based on several allegations herein. Plaintiff alleges that at no time hereto, did any defendant or Doe herein hold the right to enforce the Note and Deed of Trust for the subject property. And if they did none has been forthright about the true sums paid and properly credited

---

[1] Under Federal statutes

to his account. Nor has there been an accounting or acknowledgement of debt validation or pay off of the note plaintiff seeks to extinguish, *et al*. The matter is ripe for a declaratory relief order with findings and conclusions confirming the state of the facts leading to determination of rights and duties attendant.

13. Plaintiffs alleges that no defendant herein has legal *standing*. The receipt of loan payments does not independently establish such. Plaintiff asserts that the alleged security lien [deed of trust] may be void and the obligation a **non-secured asset**. Therefore, any claim of Defendants should be deemed *unsecured* and the Deed of Trust void, the note unsecured and/or satisfied.

14. Plaintiffs urges that in this cause, a declaration of rights and remedies should be forth coming after evidence is received sufficient to support a verdict or judgment against the defendants. It is necessary that this Court declare the actual rights and obligations of the parties and make a determination as to the validity, nature and extent of Defendants' interest in the Property and all parties' rights, duties and obligations.

### SECOND CAUSE OF ACTION FOR FRAUD AND DECEIT

15. Plaintiff incorporate the content of the preceding allegations as though fully set forth consisting of the elements and special factual allegation sufficient to allege fraud.

16. Plaintiff was given facts and information about his loan from defendant and others and Does in formulating his Note.

17. Plaintiff alleges that the named Defendants and Does, inclusively, engaged in a **pattern and practice** of defrauding borrowers including Plaintiff. First the Note that was based on the Loan development itself was corrupted by the use of unapproved and non-loan industry criteria for the loan thus, causing plaintiff to pay more in up front fees, charges and assessments to "get" or obtain the loan than should have occurred. Also the fabrication of the note was machiavellian and predatory and designed to escalate the payments to $5,266.83 after 10 years yet it escalated on or around November 2011.

Therefore this was a predatory loan designed to default at the borrower like a time bomb ready to reset change the terms with a new payment completely unaffordable at the year of 2011 and increase from $3,929.92 to a higher amount, which in reality is exactly what happened given the impression that the borrower was at fault when the payment changed to $ 5,266.82 making the borrower incapable to handle it.

Therefore this was a teaser mortgage payment with an undisclosed teaser rate just to deceive the borrower and make him believe that was amortizing his loan principal and interest and to unjustly enrich the holder of the note at the secondary market and in the sale of this as securities. which is consider a teaser rate much less lower than the fixed or adjustable rates. This will be shown by competent expert testimony and analysis. Secondly, the Note enforcement was flawed and etched in Fraud by other defendants by intentionally or recklessly stating that the loan was being properly serviced when it was not. The consequence? The Note was subject to and Plaintiff unknowingly paid excessive sums to be shown at trial for this plan and scheme to "overcharge" plaintiff by trickery, dishonest calculations and lack of proper crediting of sums paid causing the defendants to be unjustly enriched in sums greater that which were true and correct. Last, the plaintiff was deceived by lenders and servicers to believe his loan would be altered to terms beneficial when in fact the loan terms in the long run were over charged.

    18. As to the "Servicing period Fraud" the following is alleged: The defendants also failed to properly credit payments made by plaintiff under the Note/Loan. There were also False Promises elicited to induce Plaintiff's reliance to his harm, to wit, Defendants also induced by deceit, plaintiff to stop paying his monthly loan payments for 3 months on the false offer that if he did this he could get a better loan. Such was untrue and known by defendants to be false when uttered. In this case at bar, the defendants WHILE THE LOAN WAS CURRENT represented that the plaintiff STOP paying on his loan so he could receive the "benefits of a loan modification or new loan." Plaintiff reasonably believed he "had" to do this to receive these benefits. Defendants in truth and fact never intended to accommodate plaintiff in this fashion and when plaintiff stopped paying to satisfy the false promise of defendants, they commenced a foreclosure. This was fraud by trick and devise and deception. Such is burdensome, oppressive, malicious and warrants punitive damages.

    19 to 46. Reserved.

47. The Defendants had actual knowledge that the Plaintiffs' account was current and accurate but deceptively treated same as not accurate so that they could use the inaccuracy to institute a foreclosure on the Subject Property. The foreclosing Defendants also utilized amounts known to the Defendants to be inaccurate to determine the amount allegedly due and owing for purposes of damaging plaintiff's credit and to institute a foreclosure proceeding.

48. Additionally, the Defendants concealed material facts known to them regarding payments, notices, assignments, transfers, late fees and charges with the intent to defraud Plaintiffs for payment of excessive fees and charges to reinstate the loan and to foreclose.

49. The Defendants made the above-referenced false representations, concealments and non-disclosures with **knowledge of the falsity** thereof, intending to induce Plaintiffs' reliance, which the unsuspecting Plaintiffs justifiably relied upon, resulting in damage to their credit standing, costs and potential threat of loss of their property. Plaintiffs were unaware of the true facts. Had Plaintiffs known the true facts, Plaintiffs, among other things, would not have maintained the Defendants as their lender, servicer and trustee (and their alleged agents) and/or would have taken legal action immediately to save their house.

50. As a result of the Defendants' fraudulent conduct, Plaintiffs have suffered compensatory, general and special damages in an amount to proof. Additionally, the Defendants acted with malice, fraud and/or oppression and, thus, Plaintiffs are entitled to an award of punitive damages, general and special with statutory penalties and damages as appropriate.

### THIRD CAUSE OF ACTION for NEGLIGENCE

51. Plaintiff incorporates herein by reference the allegations made above as though fully set forth herein

52. At all times relevant herein, the Defendants, acting allegedly on information and belief as Plaintiffs' lender and loan servicer, trustee, had a duty to exercise reasonable care and skill to **maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records**, including, but not limited, accurate crediting of payments made by Plaintiffs to avoid errors in accounting causing foreclosures, et al.

53. In taking the actions alleged above, and in failing to use care common in the industry, the Defendants and each of them by contribution and their roles as agents of one another, **breached their duty of care owed to Plaintiffs** in the servicing of Plaintiffs' loan by, among other things, failing to properly and accurately credit payments made by Plaintiffs toward the loan, preparing and filing false documents, and threatening foreclosing on the Subject Property without having the legal authority and/or proper documentation to do so. Attempting to foreclose due to these acts is negligent conduct, *de minimus*. This conduct **foreseeable caused injured and damaged** personally and economically the plaintiff in a sum to be proved at trial. Such behavior also cause an infliction of emotional distress as a foreseeable consequence so proximately caused.

53a. Plaintiff alleges that part of the duty owed was to conduct the collection of money due from plaintiff by defendants based on strict requirements of the *Fair Debt Collection Practices Act* as found at 15 U.S.C. 1601 et seq. By violating this law, a duty was breached dependently [in the form of negligence per se] and independently [standing alone as a separate cause of action], thus damaging the plaintiff thereby in sums to be proved at trial.

54. As a direct and proximate result of the negligence and carelessness of the Defendants as set forth above, Plaintiffs suffered general and special damages in an amount to be determined at trial and suffered emotional distress from the acts of the defendants

## FOURTH CAUSE OF ACTION TO QUIET TITLE

55. Plaintiff incorporates herein by reference the allegations made above as though fully set forth herein.

56. Plaintiff is the legal owner of the Subject Property which has a lis pendens until this matter resolves. A dispute has arisen over the true ownership and character of the property due to mishandling and deceptions concerning the original promissory note and deed of trust. Plaintiff DENIES all defendants and all others not named who claim any interest in the subject property.

57. Plaintiffs seek to quiet title against the claims of Defendants and ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO; and DOES 1

through 100 (collectively referred to herein as the "Title Defendants") as the Title Defendants hold themselves out as entitled to fee simple ownership of the Subject.

58. In fact, the Title Defendants have no right to title or interest in the Subject Property and no right to entertain any rights of ownership including the right to foreclosure, offering the Subject Property for sale at a trustee's sale, demanding possession or filing cases for unlawful detainer. .

59. Plaintiffs seek to quiet title as of the date of the filing of the Notice of Default. Plaintiff seeks a judicial declaration that the title to the Subject Property is vested in Plaintiffs alone and that the Defendants and each of them be declared to have no interest estate, right, title or interest in the subject property and that the Title Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiffs' rights. Title should be cleared and vested in the name of the plaintiff herein.

## FIFTH CAUSE OF ACTION FOR AN ACCOUNTING

60. Plaintiff incorporates herein by reference the allegations made above as though fully set forth herein.

61. Plaintiff has an account with the past and present beneficiary lender and loan servicer that must be kept accurate. Said duty succeeds the rights under the note and binds subsequent holders seeking enforcement after an alleged breach of the duty to pay.

62. Plaintiff believes that his account has been kept inaccurately by defendants responsible for such accounting. Such has injured and damaged the plaintiff.

63. Plaintiff seeks a judicial order requiring an accounting to reconcile and rectify the wrongful state of plaintiff's records and account and to determine his true financial record of debt owed, payments and credits given not yet done after request was made.

## SIXTH Cause of Action for Temporary Restraining Order and Preliminary Injunction to Enjoin Threatened Foreclosure AND other Equitable Relief

64. Plaintiff incorporates herein by reference the allegations made above as though fully set forth herein.

65. Plaintiff shall move this court for a temporary restraining order and then, Order to Show Cause for preliminary injunction for orders as follows:

A. Enjoining any foreclosure of property stated herein aka the address stated in these pleadings above, or in the alternative,

B. For shortened time for Discovery and taking depositions on 3 day's notice of critical witnesses who are persons most knowledgeable about this foreclosure event for use at the OSC hearing after the TRO hearing;

D. For OSC re to determine the true **real parties in interest** who is the true defendants with "standing" as a matter of law concerning each defendant appearing.

The Application will be based on another motion containing a Rule 65 Application, Authorities, Declarations, Exhibits, Declaration of statutory notice and oral argument proffered at the time of hearings, both TRO and OSC re preliminary injunction, thereafter.

## SEVETH CAUSE OF ACTION for Violation of the Federal Debt Collection Practices Act - 15 USC 1692g

66. Plaintiff incorporates here each and every allegation set forth above.

67. Plaintiff allege that all defendants jointly and severally within the past year have violated state and federal law aka FDCPA by illegal and improper acts, to wit, asking, demanding, soliciting, threatening and oppressively, wrongfully seeking for sums in payment of a debt not established nor proved and not due or validated by means prohibited by the language within the FDCPA, inclusively.

68. But for the breach, plaintiffs would not have been damaged. Plaintiff seeks damages in a sum to be proved at trial by reason thereof against all defendants and Does, including statutory damages, attorney's fees and costs. Plaintiffs are entitle under the statutory scheme to statutory penalties and attorney's fees and seek such.

.

## PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

1. Actual damages, both general and special according to proof;
2. Punitive damages in the maximum amount allowed by law, jointly and severally against all defendants, by way of punishment and example;
3. An award of the attorneys' fees and costs incurred herein; and
4. For orders reforming contracts to reflect the true intention of the parties, or relief of similar effect;
5. For a declaratory relief judgment;
6. For any equitable relief as may be plead or plead by amendment hereafter;
7. Such other and further relief as the Court deems is just and appropriate.

JURY TRIAL IS DEMANDED

_____
Carlos Granados,
Plaintiff in pro se

By: CARLOS GRANADOS,
22837 ZION CHAPEL DR
ASHBURN VA 20148.
Tel:_____
E-Mail:_____

Plaintiff in pro se

COMMONWEALTH OF VIRIGINA

IN THE COUNTY COURT OF LAW FOR LOUDOUN COUNTY

| | |
|---|---|
| CARLOS GRANADOS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BANK OF AMERICA, N.A., and )<br>SHELLPOINT MORTGAGE SERVICING, )<br>)<br>Defendants. ) | Cause No. C15-24027-CV |

## NOTICE OF FILING NOTICE OF REMOVAL
## TO THE UNITED STATES DISTRICT COURT

PLEASE TAKE NOTICE that the Notice of Removal of the above-captioned action from the County Court at Law for Loudoun County, Virginia to the United States District Court for the Eastern District of Virginia, Alexandria Division, a copy of which is attached hereto, was filed on June 12, 2015 with the Clerk in United States District Court for the Eastern District of Virginia, Alexandria Division.

Dated: June 15, 2015

Respectfully submitted,

BROCK AND SCOTT, PLLC

_____
Jason L. Hamlin (VA Bar No. 7643 )
484 Viking Drive, Suite 203
Virginia Beach, VA 23452
(757) 213-2959 (Phone)
(757) 16-6488 (Facsimile)
Jason.Hamlin@brockandscott.com
Attorneys for Defendants

1692473/15601.0030

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2015, that I served a true and correct copy of the NOTICE OF REMOVAL via First Class U.S. Mail to Carlos Granados, 22837 Zion Chapel Dr., Ashburn, VA 20148.

                              Respectfully submitted,

                              BROCK AND SCOTT, PLLC

                              Jason L. Hamlin (VA Bar No. 46951 )
                              484 Viking Drive, Suite 203
                              Virginia Beach, VA 23452
                              (757) 213-2959 (Phone)
                              (757) 16-6488 (Facsimile)
                              Jason.Hamlin@brockandscott.com
                              Attorneys for Defendants