IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| CARLOS GRANADOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1-15-cv-752-GBL |
| ) | |
| BANK OF AMERICA, N.A. et. al, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Bank of America, N.A. ("BOA") and Shellpoint Mortgage Servicing ("Shellpoint") (collectively, "Defendants")'s Motion to Dismiss Plaintiff Carlos Granados ("Plaintiff")'s Complaint for failure to state a claim on Count I declaratory judgment pursuant to 28 U.S.C. § 2201, Count II fraud and deceit, Count III negligence, Count IV quiet title, Count V accounting, Count VI complaint for temporary restraining order and permanent injunction, and Count VII violation of the Federal Debt Collection Practices Act ("FDCPA") where Defendants argue that Granados fails to plead facts sufficient to establish a plausible claim for relief on any of these counts.

The Court GRANTS Defendants' Motion to Dismiss for failure to state a claim on all counts. Count I is deficient because there is no case or controversy established since Defendants have the right to enforce the promissory note as servicers and holders of the deed of trust and note on behalf of the investors. Count II is deficient because Plaintiff does not allege any misrepresentations made by Defendants which caused him to suffer damage. Count III is deficient because Plaintiff fails to specifically identify the duty owed to him by Defendants or any breach of that duty. Count IV is deficient because Plaintiff's claim to quiet title lacks merit

based on his admissions that he executed the Deed of Trust. Count V is deficient because Plaintiff has failed to set forth a legal basis for his cause of action for an accounting. Count VI is deficient because Plaintiff has not made a strong showing that this claim would succeed on the merits. Finally, Count VII is deficient because the Fair Debt Collection Practices Act applies to collection of debt by "debt collectors," and Plaintiff was not in default at the time that Defendants began servicing his loans. Plaintiff has failed to plead sufficient facts as to each claim with the specificity required to survive a motion to dismiss.

## I. BACKGROUND

This matter involves real property owned by Plaintiff Carlos Granados ("Plaintiff") and commonly known as 22837 Zion Chapel Drive, Ashburn, Virginia 20148 (the "Property"). Compl. ¶ 1. On or about May 31, 2007, as security for a promissory note in the amount of $685,950.00 (the "Note") payable to TBI Mortgage Company ("Lender"), Plaintiff granted a Deed of Trust on the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"). He did so as a nominee for Lender and Lender's successors and assigns which was recorded on June 1, 2007, with the Loudon County Register of Deeds. Compl., ¶¶ 8, 12-14. Plaintiff alleges that the "teaser rate mortgage payment" under the Note fraudulently induced him to agree to the terms of the Note. Compl. ¶ 17.

On August 2, 2012, the Deed of Trust was assigned by MERS to The Bank of New York Mellon as Trustee for the Certificate holders of CWMBS, Inc., and an Assignment of Deed of Trust was recorded on August 7, 2012 with the Loudoun County Register of Deeds. *See* Defs.' Ex. C. BOA serviced the Note and Deed of Trust on behalf of the investor until March 16, 2015, wherein the servicing rights were transferred to Shellpoint. *See* Defs.' Ex. D.

Plaintiff alleges that on or about November 2011, he received unspecified "irregularities in his financial statements" and that his account was "overcharged" by Defendants. Compl. ¶ 9. Plaintiff also alleges that he was told at an unspecified date and time by an unidentified employee of Defendants to cease making payments on the mortgage for three months in order to receive a loan modification. Compl. ¶ 18.

On May 8, 2015, Plaintiff filed Complaint against Defendants in Loudon County Circuit Court. On June 15, 2015, Defendants removed this lawsuit to the Eastern District of Virginia. In the Complaint, Plaintiff asserts the following causes of action: 1) Declaratory Relief pursuant to 28 U.S.C. § 2201; 2) Fraud and Deceit; 3) Negligence; 4) Quiet Title; 5) Violation of the Federal Debt Collection Practices Act (15 U.S.C. § 1692(g)); 6) Accounting; and 7) Temporary Restraining Order and Preliminary Injunction Enjoining Threatened Foreclosure. On June 22, 2015, Defendants filed a Motion to Dismiss under Federal Rules of Civil Procedure ("FRCP") 12(b)(6). Plaintiff did not file an opposition.

## II. DISCUSSION

### A. Standard of Review

To survive a Rule 12(b)(6) motion, a complaint must satisfy the pleading standard articulated in Fed. R. Civ. P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of that requirement is to provide the defendant with "fair notice" of the claim and the "grounds" for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). The showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertions[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

3

When reviewing this type of motion, the Court must "accept the well-pleaded allegations of the complaint as true," and "must construe factual allegations in the light most favorable to the plaintiff." *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court should not, however, accept unsupported legal allegations, "legal conclusion[s] couched as ... factual allegation[s]," or conclusory factual allegations devoid of any reference to actual events. *Revene v. Charles Cnty. Cmm'rs*, 882 F.2d 870, 873 (4th Cir. 1989); *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

**B. Analysis**

The Court GRANTS Defendants' Motion to Dismiss because Plaintiff Granados has failed to plead sufficient facts to establish a plausible claim for relief on any of these counts.

*1. Declaratory Relief (Count I)*

The Court holds that Plaintiff's claim for declaratory judgment fails because Plaintiff has failed to show an actual controversy with sufficient immediacy which would warrant declaratory relief. Plaintiff seeks declaratory judgement in deciding that the Deed of Trust possessed by Defendants is void, arguing that Defendants never held the right to enforce the Deed of Trust and Defendants failed to produce an accounting of debt validation. Pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, federal courts may authorize declaratory judgments when "the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief form the uncertainty, insecurity, and controversy giving rise to the proceeding." *Centennial Life Ins. Co. v. Poston*, 88

4

F.3d 225, 256 (4th Cir. 1996) (citations omitted). There a three requirements that must be met in order for a federal court to properly exercise jurisdiction in a declaratory judgment proceeding: (1) the complaint must allege an "actual controversy" between the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgement"; (2) the court must possess an independent basis for jurisdiction over the parties (federal question or diversity jurisdiction); and (3) the court must not abuse its discretion in its exercise of jurisdiction. *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994).

To satisfy the actual controversy requirement when filing for declaratory judgment, the facts alleged in the Complaint must "show there is a substantial controversy, between the parties having adverse legal interest, of sufficient immediacy to warrant relief." *Medimmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 133–134 (2007). The threat of litigation is enough to establish the actual controversy requirement. *Kettler Intl, Inc. v. Starbucks Corp.*, 55 F. Supp. 3d 839, 847 (4th Cir. 2014) (finding plaintiff's declaratory judgment should be granted because they had been receiving threats of litigation from the defendant). However, the threat must be a threat of irreparable harm to the plaintiff. *Luther v. Wells Fargo Bank*, 2012 WL 423753, at *5 (W.D. Vir. 2012) (denying plaintiff's request for temporary restraining order when a pending foreclosure was halted during the pendency of the lawsuit because there no threat of harm).

Plaintiff's claim for declaratory judgment fails because there is no ripe controversy and no threat of irreparable harm. Defendants have right to the Deed of Trust and they are entitled to enforce those rights. *Larota-Florez v. Goldman Sachs Mortgage Co.*, 719 F. Supp. 2d 636, 639 (4th Cir. 2010) (holding that mortgage servicers have the power to enforce rights under the Deed of Trust). However, Defendants have yet to proceed with an actual foreclosure against Plaintiff. Plaintiff asserts that Defendants "may intend ... to commence a foreclosure upon him illegally."

5

Compl. ¶ 9. As the court held in *Luther*, there must be an actual threat of harm that Plaintiff can identify. There is none here. Thus, the Court dismisses Plaintiff's claim for declaratory relief.

### 2. Fraud and Deceit (Count II)

The Court holds that Plaintiff's claims for fraud during the origination and servicing periods lack sufficient factual basis. Plaintiff bases his claim against Defendants for fraud and deceit on two grounds. First, Plaintiff alleges fraud in the origination of the Note and Mortgage of the Property. Second, he alleges a fraudulent promise of a loan modification. The Court holds that, regarding both claims of fraud and deceit, Plaintiff fails to plead facts with enough specificity to survive dismissal.

Claims for fraud are governed by Fed. R. Civ. P. 9(b), which states that "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b) serves to put the defendant on notice, protect from frivolous suits, eliminate fraud actions where all facts are learned after discovery, and protect defendants from harm to their reputation. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). Plaintiffs must at minimum describe the time, place, and contents of the false representations, as well as the identity of the person making the representation and what benefit he obtained. *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008).

Virginia case law provides the elements necessary to successfully assert a cause of action for fraud. Those elements are: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Bryant v. Peckinpaugh*, 400 S.E.2d 201, 203 (1991).

6

Plaintiff alleges "predatory lending" at the time of origination because the loan was designed to "default at the borrower like a time bomb ready to reset." Compl. ¶ 17. These assertions, however, do not apply to Defendants. Plaintiff does not offer substantial facts to state with particularity the circumstances constituting fraud in this case because Defendants were not involved in the origination of the Note and Deed of Trust and therefore cannot be held responsible. *See* Exs. A and B.

Plaintiff also alleges that he was promised by an unnamed representative of the Defendants that he would receive the benefits of a loan modification or a new loan if he did not remit payments on the Note for three months. Compl. ¶ 18. Plaintiff states that he relied on these false promises to his detriment. Compl. ¶ 49. Plaintiff does not state how he relied on these alleged promises, nor does he state this claim with the specificity required to successfully assert a claim for fraud. Further, what Plaintiff claims has occurred is a verbal contract for the purchase of real estate and would not have been acted upon within one year. Such a contract is barred by the statute of frauds in Virginia. *See* Va. Code Ann. § 11-2(6), § 11-2(8) (requiring that contracts not to be performed within one year and related to the purchase of real estate be in writing).

### 3. Negligence (Count III)

The Court dismisses Plaintiff's negligence claim because it is barred by the economic loss doctrine. Plaintiff files suit for negligence, claiming that Defendants breached their duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting, and servicing of loan records. Compl. ¶ 52.

The economic loss doctrine bars plaintiffs from recovering damages in tort when they should be brought under breach of contract. *Snead v. Ford Motor Co.*, 47 Va. Cir. 268 (1998). Tort law is used to protect the broad interests of social policy, not purely economic loss. *Corp. v. Haley*, 299 S.E.2d 514, 517 (1983). Plaintiff is not entitled to a tort claim because the circumstances presented involve a contractual relationship.

### 4. Quiet Title (Count IV)

The Court rejects Plaintiff's claim to quiet title because he executed the Deed of Trust. Plaintiff seeks quiet title of the Property. Compl. ¶ 57. Plaintiff claims that Defendants have no right to title or interest in the Property and no right to entertain any rights of ownership including the right to foreclosure of the property. *Id.* at ¶ 59.

A property is encumbered by a deed of trust and its release is conditional based upon performance under a note. *Anand v. Ocwen Loan Servicing, LLC*, 754 F.3d 195, 200 (4th Cir. 2014) (holding that a plaintiff's ownership of legal title is a prerequisite to bringing a quiet title claim). A plaintiff cannot be said to be in ownership of property and therefore entitled to a quiet title claim if it is encumbered by a deed of trust and the note has not yet been paid. *Id.*

Plaintiff admits that he executed the Deed of Trust in this case to Defendants. Compl. ¶ 9; Ex. B. There is no evidence that Plaintiff has paid off the note that encumbers the Property. Plaintiff's interest in the Property is still subject to the Deed of Trust held by Defendants. Therefore, Plaintiff cannot be said to be in ownership of the property, and is not entitled to assert a claim for quiet title.

### 5. Accounting (Count V)

The Court holds that Plaintiff's claim for accounting fails because there is not sufficient factual basis for his cause of action. Plaintiff argues that he has an account with Defendants that

has not been accurately kept. Compl. ¶ 62. He believes that this inaccurate accounting has resulted in injury and damage, namely, a misstatement of Plaintiff's true financial records of debt owed, payments, and credits given. *Id.* at ¶ 63.

Accounting in equity claims are usually asserted in cases involving joint ventures where one party seeks to hold the other liable in the event of joint business ventures gone sour. *Chisholm v. Gilmer*, 81 F.2d 120 (4th Cir. 1936). Virginia Code § 8.01-31 states that an accounting in equity may be filed against "any fiduciary or by one joint tenant, tenant in common, or coparcener for receiving more than come to his just share or proportion, or against the personal representative of any such party."

Defendants are not fiduciaries, joint tenants, tenants in common, or coparceners in relations to Plaintiff. They do not personally represent any of Plaintiff's interests, nor do they share any level of fiduciary duty to Plaintiff. Plaintiff fails to establish the necessary elements of an action for accounting and thus the Court dismisses Count V.

### 6. *Temporary Restraining Order and Preliminary Injunction (Count VI)*

This Court rejects Plaintiff's claim for temporary restraining order and preliminary injunction because Defendants have not initiated a foreclosure action at this time. Plaintiff asks this Court for a temporary restraining order and preliminary injunction to enjoin a threat of foreclosure. Compl. ¶ 65.

Claims for temporary restraining order and preliminary injunction are governed by the same four-part test which requires that a claimant show "(1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest." *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009). The threshold

requirement for this test is that "the plaintiff has made a strong showing that he is likely to succeed on the merits of his claim." *Id.* at 345–46 (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)). The burden rests on the plaintiff to successfully assert this claim, and show that he is likely to be "irreparably harmed absent injunctive relief." *The Real Truth About Obama, Inc.*, 575 F.3d at 347.

Plaintiff's claim for temporary restraining order and preliminary injunction fails to satisfy the first prong of the *Real Truth About Obama* four-part test. As discussed above in the Court's analysis of Plaintiff's declaratory relief, Plaintiff has shown no threat of imminent, irreparable harm. Plaintiff has therefore not made a sufficient showing that this claim would succeed on the merits. Defendants have not sought foreclosure of the Property, and Plaintiff's assertion that Defendants "may intend" to foreclose is too speculative for the Court to consider. Compl. ¶ 9. There is no impending foreclosure, and no other actual harm sufficiently shown by Plaintiff.

### 7. *Violation of the FDCPA (Count VII)*

This Court holds that Plaintiff's claim for violation of the FDCPA fails because Defendants are not "debt collectors" subject to the FDCPA. Plaintiff alleges that Defendants have jointly and severally violated the Federal Debt Collection Practices Act. Compl. ¶ 67. He claims, but for these violations, Plaintiff would not have been damaged. *Id.* at 68. In doing so, he seeks statutory damages, attorney's fees, and costs. *Id.*

"The term 'debt collector' does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a (6)(F). Loan servicers are not "debt collectors" under the FDCPA unless the debt being serviced was in default at the time the servicer obtained it. *Taggart v. Wells Fargo Home*

*Mortg.*, 2010 WL 3769091, at *11 (E.D. Pa. Sept. 27, 2010). When asserting claims for violation of the FDCPA, plaintiffs must provide sufficient facts to find defendants subject to the FDCPA as "debt collectors." *Id.* at *33–34.

Here, Plaintiff describes Defendants as servicers of his loan in his Complaint. Compl. ¶¶ 8, 18. There are no additional facts to suggest that Plaintiff was in default on these loans when Defendants began servicing them. Compl. ¶ 9 ("[Plaintiff] is not behind on any term of condition of the note payments or otherwise"). Defendants are not "debt collectors" as defined by the United State Code or case law. Defendants are therefore not subject to the FDCPA and the Court dismisses Count VII.

### III. CONCLUSION

The Court **GRANTS** Defendants' Motion to Dismiss for failure to state a claim on all counts. Count I is deficient because there is no case or controversy established. Count II is deficient because Plaintiff does not allege any misrepresentations made by Defendants which caused him to suffer damage. Count III is deficient because Plaintiff fails to specifically identify the duty owed to him by Defendants or any breach of that duty. Count IV is deficient because Plaintiff's claim to quiet title lacks merit based on his admissions that he executed the Deed of Trust. Count V is deficient because Plaintiff has failed to set forth a legal basis for his cause of action for an accounting. Count VI is deficient because Plaintiff has not made a strong showing that this claim would succeed on the merits. Finally, Count VII is deficient because the Fair Debt Collection Practices Act applies to collection of debt by "debt collectors," and Plaintiff was not in default at the time that Defendants began servicing his loans. Plaintiff has failed to plead sufficient facts as to each claim with the specificity required to survive a motion to dismiss.

Accordingly, it is hereby **ORDERED** that Defendants' Motion to Dismiss under FRCP 12(b)(6) is **GRANTED** and Plaintiff Granados's Complaint is **DISMISSED** with prejudice.

Subsequent to the Court's July 24, 2015 Order (Doc. 14) granting Defendants' Motion to Dismiss, Plaintiff filed a Motion for Voluntary Dismissal (Doc. 15). Because the case was closed prior to the filing, Plaintiff's Motion for Dismissal (Doc. 15) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

ENTERED this 19th day of August, 2015.

Alexandria, Virginia
8/19/2015

/s/
Gerald Bruce Lee
United States District Judge